Daniels, J.
The order requires the service of a statement, or bill of particulars, of what has been alleged to be other shares of stock bought and sold by the defendants on the employ of John C. Eno. The statement that such shares of stock had been bought and sold has been made a part of the second subdivision of the defendant’s answer. And while it has been stated on behalf of the plaintiffs that neither they themselves nor Eno had any knowledge of the purchase or sale of such shares that did not exclude their right to a bill of particulars. For while the contrary was asserted by the defendants themselves as a part of their defense in the action, the plaintiffs were entitled to such further and additional information concerning it as would prevent them from being surprised by proof of the alleged facts, if that might possibly be made upon the trial. To avoid the risk of that surprise and supply them with the means of understanding and meeting the allegations so generally made, a bill of particulars was the proper remedy, and the court was right in requiring its service. For if the defendants had been engaged in those transactions, as they allege they had, there could be no difficulty standing in their way of adding to the information supplied by the answer, such further particulars as would bring the transactions to the knowledge or within the range of the investigation the plaintiffs might be able to make.
On the argument it was proposed by" the defendants’ counsel to strike out this allegation of the answer in preference to being subjected to the necessity of serving the bill of particulars. If that shall be done, then very obviously no necessity will remain for the service of the bill, and to meet this offer the order now to be made should affirm the order from which the appeal has been taken unless the defendants, within ten days after notice of the order to be entered on this decision, shall stipulate to strike the allegation of these facts out of their answer. If they do that, then the order should be reversed without costs of the appeal, but, if they fail to do that, it should be affirmed together with the usual costs and disbursements.
Brady, J., concurs.